***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments on appeal. Based upon the entire record of evidence, the appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence, the Full Commission reverses the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy as:
 STIPULATIONS
1. All medical records of treatment received by employee-plaintiff by Blue Ridge Bone Joint dated October 16, 1997, through October 2, 2002; physical therapy records from George Floyd from June 12, 2002, through October 31, 2002; Mission Hospital dated June 9, 2000, through March 24, 2003; Sisters of Mercy Urgent Care dated May 8, 2002, through August 30, 2002.
2. Defendant's Exhibits 1-11.
3. The parties are subject to the N.C. Workers' Compensation Act.
4. An employee-employer relationship existed between the named employee and named employer on August 26, 2002.
5. The carrier liable on the risk is correctly named above.
6. The employee's average weekly wage is $194.78.
7. The alleged date of injury is August 26, 2002.
8. The following issues were to be determined:
a. Whether there was an injury by accident.
b. Whether the injury arose out of and in the course of employment.
c. Whether the injury by accident is compensable.
d. Whether attorney fees should be awarded.
 ***********
Based upon the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff began to work for the Defendant-Employer on January 4, 2002, as a regular employee in a Burger King restaurant.
2. That part of the employment process requires the workers to fill out a mini-application, which plaintiff completed on January 3, 2002, and this application showed the reason for leaving his previous employment was "struck by forklift."
3. On August 26, 2002, plaintiff was working his regular shift at defendant-employer's restaurant when a co-worker slipped on some water. Plaintiff grabbed her arm to catch her from falling and, in the process, his right knee was possibly injured. Plaintiff reported several conflicting accounts of this incident.
4. Ms. Banks (the co-worker who slipped) testified at the hearing before the Deputy Commissioner. She testified when she slipped and plaintiff extended his arm and caught her, that the plaintiff did not fall and his knees did not buckle.
5. Plaintiff reported the incident to his manager on duty and the following morning reported the accident to the manager, Dewayne Mehassay, who filled out a Workers' Compensation First Report of Injury or Illness on August 27, 2002.
6. Plaintiff sought medical care on August 30, 2002 with Sisters of Mercy Urgent Care and was told to stay out of work until he could be seen by an orthopedist.
7. Plaintiff had a prior injury to his left knee and shoulder in May 2002 for which he was receiving treatment at the time of his August 26, 2002 injury.
8. Plaintiff had a prior injury to his right knee in approximately 2000 and as a result had an ACL reconstruction.
9. Plaintiff received minor treatment from the Buncombe County Health Department for his right knee injury.
10. While being seen by Dr. Eglinton for treatment of his left knee, plaintiff complained of his right knee following the August 26, 2002 accident and Dr. Eglinton gave incidental examinations and documented problems regarding the right knee.
11. While being seen in physical therapy with George Floyd for treatment of the left knee, Mr. Floyd documented problems with the right knee beginning with the October 15, 2002 visit.
12. With the exception of a few attempts to return to work, plaintiff has been unemployed since August 30, 2002 when he was taken out of work by Sisters of Mercy Urgent Care.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable it must be proven that the injury caused plaintiff's disability. N.C. Gen. Stat. § 97-2(6).
2. Medical causation evidence must be given by an expert medical witness, and cannot be speculation or conjecture. Young v. Hickory Bus.Furn., 353 N.C. 227, 230. Click v. Pilot Freight Carriers, Inc.,300 N.C. 164, 167.
3. Plaintiff has not met his burden under the Act of proving that the incident of August 26, 2002 caused disability. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the provisions of the Workers' Compensation Act plaintiff's claim must be, and hereby is, DENIED.
2. Each side shall share the costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER